2:20 cv 0752 EFB (PC)

Jose Arteaga #V29993
Name and Prisoner Booking Number

Sacramento State Prison - A3
Place of Confinement

PO Box 290066
Mailing Address

Represa, California, 95671
City, State, Zip Code

FILED
APR 13 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Jose Arteaga
(Full Name of Plaintiff)           Plaintiff,

v.

(1) N. West, et al.,
(Full Name of Defendant)

(2) _____,

(3) _____,

(4) _____,
                    Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents,</u> 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: Sacramento State Prison, Represa.

Revised 3-15-2016

**1 OF 11**

## B. DEFENDANTS

1. Name of first Defendant: N. WesT_____. The first Defendant is employed as:
Correctional OFFiceR c/o at S.A.C — SP_____.
(Position and Title) Individual Capacity_____ (Institution)

2. Name of second Defendant: T. Thomison_____. The second Defendant is employed as:
Correctional officeR c/o at S.A.C - SP_____.
(Position and Title) Individual Capacity____ (Institution)

3. Name of third Defendant: H. Sullivan_____. The third Defendant is employed as:
Correctional Officer c/o at S.A.C - SP_____.
(Position and Title) Individual Capacity____ (Institution)

4. Name of fourth Defendant: John Doe(S)_____. The fourth Defendant is employed as:
Correctional OFFiceR'S c/o'S at S.A.C - SP_____.
(Position and Title) Individual Capacity (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes  ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: ArTeaGa, J_____ v. HarLam, R_____
   2. Court and case number: 2:16 - CV - 07702 - DDP - KK_____
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) U.S. CenTral DISTRICT CourT OF Cal.' Was SeTTLed."

b. Second prior lawsuit:
   1. Parties: ArTeaGa, J_____ v. D. Baughman, eT. al.
   2. Court and case number: 2:17 - CV - 00520 8 - KJn_____
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed wiThout Prejudice.

c. Third prior lawsuit:
   1. Parties: ArTeaGa, J_____ v. D. neve, eT. al
   2. Court and case number: 1:19 - CV - 01001 - none - SKO (PC)
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) U.S. EasTern DISTRICT OF Cal.' Is sTill Pending."

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Violation of the Eight Amendment Right, Failure To Protect.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities     ☐ Mail            ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer  ☒ Threat to safety  ☐ Other: Deliberate Indifference.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   — Introduction —

   (1) In Pro-Se Plaintiff Jose O. Arteaga seeks civil action authorized by 42 U.S.C - Section §1983 To Re gress The Federal es-Tablished The Eight Amendment deprivation by Defendant's who acted under color of State Law, Of Rights Secured by the Constitution of The United States. Therefore plaintiff seeks compensatory Damages, and Punitive Damages For The Failure To Protect and Deliberate Indifference in Violation of plaintiff's Legal Rights. As Jurisdiction rest within This Honorable court To Rule on claims and Relieve when claims presented are, where Relief can be Granted and are Genuine issues and merits are STRICTLY For monetary Relief and based on Prison conditions, not Recurring Favorable Termination. 28 U.S.C §§1331 1343(a)(3) Biven v. Six unKKown named Agents 403 U.S 388 91 S.CT. 1999 18 U.S.C §1362 6 (9)(2).

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Deliberate Indifference, Failure To Protect Each below Listed Took actions under color of Law and caused injury. Each Were The Agents of each Other. As is Alleged, supra, in paragraphs 1- Through 15, passim.

5. **Administrative Remedies:** See Exhausted, 602-Log# U.A.C-P-16-4485, (attached)

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? Exhaustion is an affirmative Defense     ☒ Yes  ☐ No
   However it is not Viable at This Institution.

   b. Did you submit a request for administrative relief on Claim I?     ☒ Yes  ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?     ☒ Yes  ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

② Prison Officials are bound by The Eighth Amendment To Take reasonable measures To guarantee The safety of Inmates, and have a duty To protect Them from violence at The hands of other Prisoner(s), and need not believe To a moral certainty that one prisoner intends To attack another at a given place, or Time certainly before becoming obligated To Take Steps To prevent such an attack, this under Farmer V. Brennan, 511 U.S. 825, 843 (1994).

③ Risks of Injury; A callous disregard for prisoner's safety creates an unreasonable Risk of injury in Living, working," or Transportation Conditions" which also creates "Deliberate Indifference" an Eighth Amendment Violation, under Brown V. Missouri Dep't of Corrections, 353 F.3d 1038, 1040 (8Th cir. 2004), (allegations That Transportation officers refused To Fasten The seat belt of a restrained prisoner and drove recklessly stated a Deliberate indifference claim.).

④ On The Date of 11/24/2016, Plaintiff and other prisoners were being escorted from a (P.S.U) unit To The outside yard cage's by correctional officers T. Thomison and H. Sullivan. Before being Taken This officer's Failed To conduct Proper and adequately searches and To conduct any metal detector procedures as a Regular Routine, established by CDC-R in the Administrative Segregation (secured) unit's as protocol.

5.    Plaintiff, who is a mental Health patient of The CDC-R (E.O.P) Program was being housed in 3A-(P.S.U) Psychiatric, Segregation Unit. On this same date after Recreational Yard cage's was over Plaintiff, was being escorted back to the Housing unit by office's the Defendant's N. West and John Doe #1. Plaintiff was collected from the Rec-Cage by N. West who stripped search him and placed handcuffs on him behind his back and leg restrain shackles, removed him from the cage, and escorted him to a waiting transportation cart vehicle. Again metal detector procedures were not conducted as regular.

6.    At the vehicle, Plaintiff was directed and ordered to take a seat in the rear, and he did as N. West ordered. with no other correctional officer present to maintain visual N. West left the Plaintiff unattended and went to collect other prisoner(s) from the Rec-cages. N. West John Doe#1 having filled the vehicle with 3 or more other prisoner's did not take care to seat the prisoners in a fashion to prevent their falling from the vehicle, cart, or Buckle them in their seat belt, nor did N. West or John Doe's position themselves where they could hold on to Plaintiff or the other (s) and thereby manually prevent them from falling off the moving vehicle.

7. During The Ride The prisoner who was escorted and seated by c/o N. West also in The rear and beside. Plaintiff, Produced an Inmate Manufactured shiv/Knife and began To Viciously stabbed Plaintiff repeatedly, with force and Powerfull strikes about The body and face, inflicting puncture wounds To his person.

8. It was while This was occuring That Plaintiff became aware that the prisoner who was attacking him and who was wearing waist chains had been left To wear Them Loose an act That permitted him To have the reach needed To inflict The stabbing wounds To Plaintiff Person, N. West having administered Them and via Deliberate Indifference left The chains unproperly Loose at his Front.

9. During The incident due To The force of The strikes and while attempting To prevent his attacker from hitting a vital part of his person, Plaintiff felled from The fast Moving Vehicle cart and was further seriously injured. This was a Vehicle not adaptable To Transport a "fully restrained" prisoner because it had no doors or big enough railings To support a body That can get unvalance due To The Turnings or commotion of a running Vehicle, Plaintiff was unattended and unable. To use his hands or hold on To anything before falling. (Plaintiff was also —

1 Leg shackled as mentioned).

2

3 (10).      Officials failure to follow their own rules,
4 regulations or policies concerning protection of priso-
5 ners supports a deliberate indifference. At all time
6 mentioned herein Defendant's actions were unreaso-
7 nable, intentional, unjustifiable, wanton, deliberately
8 indifferent and taken in knowing violations of plaint-
9 iff's constitutional rights to be protected from un-
10 reasonable risks.

11

12 (11).      Plaintiff alleges that each of the named
13 Defendant's knew or had reason's to know that he
14 would be injured in their failing to take care in se-
15 arching the attacker to proper extent to find the
16 weapon used in a secured and segregated unit, where
17 rules indicate that segregated prisoners are to be
18 keept apart from eachother since they been identify
19 and classified as a prison secury risk.

20

21 (12).      Defendant's failure to make efforts to keep
22 him from becoming amenable to falling from the
23 moving cart vehicle. No action's of preventing me-
24 asures were taken, nor were the Defendant's in
25 a reasonable sense, vigilant, alert to see what
26 was occuring until plaintiff had already being
27 strucked several times, and only stopped the
28 vehicle after he had fallen off the running vehicle.

13. As a direct and proximate result of Defendant's, Deliberate Indifference Plaintiff has suffered the following injuries:

(a.) Substantive Violations of Eight Amendment Rights;

(b.) Physical injuries in form of multiple stabbing-wounds That in being inflicted placed him in fear of death and created mental anguish, pain and suffering, Bleeding;

(c.) Road Rash in the form of scrape's, Life Long scarings To his person That has now engendered an increase of mental health issue's;

(D.) A head concussion/injury, A Right sprained Shoulder, neck and back pains, All mentioned injuries have future ineptness on his person as result.

14. The Eight Amendment Rights protects prisoners from officials reckless deliberate indifference. That exposes them to harm (serious) Risk of harm or unnecessary and wanton infliction's of pain induced by a culpable state of mind (see.. Farmer V. Brennan 511.U.S.825 (1994); Wilson V. Seiter 501 U.S. 294 (1991).

It also protects prisoners from harm (serious), ureasonable responses by officials, Whitley V. Albers, 475 U.S. 312, 319 (1986).

Constitutional deprivation is an indepedent injury alone. Is compensatory and cognizable on 1983 see.. Fiel V. Ruiz, — 2007 wh. 1821468 # (E.D. Cal. June 25, 2007).

15. Exhaustion of Administrative Remedies? (Yes) Exhaustion at the highest Level is an affirmative. defense, see. Exhausted CDC-R-602 (attached) Log# S.A.C-P-16-4485.

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: Violation of the Eight. Amendment, Rights.

2. **Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.**
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: Failure To Protect

3. **Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.**

   Plaintiff incorporates by Reference Paragraphs 1 — 15, Supra, as fully set forth for Cause.

4. **Injury. State how you were injured by the actions or inactions of the Defendant(s).**

   Paragraphs 1 — 15 ; Passim.

5. **Administrative Remedies.**
   - a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? Administrative Remedies are exhausted.   ☒ Yes  ☐ No
   - b. Did you submit a request for administrative relief on Claim II?   ☒ Yes  ☐ No
   - c. Did you appeal your request for relief on Claim II to the highest level?   ☒ Yes  ☐ No
   - d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

9 oF 11.

**CLAIM III**

1.  State the constitutional or other federal civil right that was violated: _8TH Amendment_
    _Violation(s)._

2.  **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☒ Other: _Deliberate Indifference_

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    _Paragraphs 1 — 15; Passim._
    _____

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? _Administrative Remedies are exhausted._   ☒ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Claim III?   ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level?   ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

10 of 11

## E. REQUEST FOR RELIEF

State the relief you are seeking: Plaintiff seeks Redress To Vindicate and deTer Of-
ficial's misconduct under color of state Law that Results into compensatory
constitutional deprivation. 42 U.S.C. 1983 is suitable Vehicle.
Wherefore, Plaintiff prays:
(1). That this court issue's summons; (2). Declare The Rights of plaintiff;
(3). Award Trial by Jury; (4). Award compensatory damages in the sum
of $1,000,000 (one million Dollar's); (5). Award Punitive damages;
(6). Grant recovery of court fees; (7). And Grant any other relief This
Honorable court deem's necessary. Respectfully Submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  March / 2 2 / 2020                    _____
              DATE                                  SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

I am attaching a CDC-R-602-Log#SAC-P-16-04485
with 7 pages. and also "Proof of service" attached.
also attached, Application To proceed In Forma Pa-
uperis By prisoner. which is signed and Authorized
by prison official's.

11 of 11

# = PROOF OF SERVICE =
# BY MAIL
### In a STATE, CA, Prison
FOR THE U.S-DISTRICT COURT, EASTERN DISTRICT OF CA.

JOSE ARTEAGA,
   PLAINTIFF,

   V.

N. WEST ET al.,
   DEFENDANTS.

MY new and present address is:
JOSE O. ARTEAGA #V29993
S.A.C-SP, 3A-102
PO BOX 290066, REPRESA
CALIFORNIA, 95671

CASE#?

   I declare and hereby certify that on: March/22/20 I served copy of the attached: 42 U.S.C-1983 ," "CIVIL Complaint.

   By placing a copy in a U.S.A-MAIL BOX, which was inside prepaid postage envelope (MANILLA) which was sealed and addressed as follow:
TO: United States District Court For The Eastern District of California (TO: COURT CLERK)
   501 "I" STREET, SUITE #4-200
   SACRAMENTO, CALIFORNIA, 95814.

TO: DITRICT ATTORNEY OFFICE.
   AT: SACRAMENTO, CA

   PLAINTIFF, JOSE ARTEAGA have read the foregoing(s) and declare under the Laws of California and U.S.A, and penalty of perjury to be true and correct.
RESPECTFULLY SUBMITTED. ON 3/22/20

# EXHiBiT

# A.

Grievance: TLR CaSe NO:
# 1701786

LocaL Log # SAC-P-16-04485.

ReLeVanT - 7 - Page's

EXhibiT - A.

Jose  Arteaga V-29993    Sacramento
CALIFORNIA STATE PRISON, ▓▓▓▓▓▓▓▓▓▓
P.O. BOX ▓▓▓ 290066
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Represa, CA, 95671.

---------------------------------------------------
.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date:   JUN 1 2 2017

In re:   Jose Arteaga, V29993
California State Prison, Corcoran
P.O. Box 8800
Corcoran, CA   93212-8800

TLR Case No.: 1701786          Local Log No.: SAC-16-04485

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner H. Liu, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that the appeal is a staff complaint against California State Prison - Sacramento (SAC) staff. The appellant claims on November 24, 2016, he was stabbed approximately 10 times on his face, the back of his neck, back, shoulder, arm, and left leg, resulting in him suffering several scrapes, right shoulder, back and neck injury. The appellant alleges Correctional Officers (Officer) Thomison, Sullivan, West, and other transportation Officers failed to conduct metal detector procedures or adequately search inmates on the day of the incident. The appellant alleges Officer West placed handcuffs on him with his hands behind his back and leg shackles; escorted him to the transportation vehicle and placed another inmate next to him. The appellant claims that inmate's waist chains were lose and he was handcuffs in the front. The appellant claims during the transport, that inmate retrieved a knife from his waist and stabbed him several times, which caused him to fall from the moving vehicle, landed on his shoulder and bounced his head on the concrete floor. The appellant alleges Officers did not place the sit belt on him or stop the vehicle in a timely manner to prevent him from falling. The appellant alleges Officers were speeding, driving recklessly, and failed to pay close attention. The appellant alleges staff placed an inmate with flexible hands next to him, who was inadequately searched and was assumed to be a threat to the safety and security of the institution, which violated his Eighth Amendment right to a reasonable protection, and created cruel and unusual punishment. The appellant alleges Officers Groves and Leech were involved in the incident.

The appellant requests he be afforded adequate medical care. The appellant requests he be provided assistance in establishing Officers identity along with an incident report. The appellant requests monetary compensation in the amount of $1,000,000.00. The appellant requests an investigation be conducted into the factual allegation and all proper reprimands be completed.

**II   SECOND LEVEL'S DECISION:** The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct. The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter. The inquiry included a review of the evidence and an evaluation of any interview conducted. In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures. The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy. The SLR found that the staff did not violate policy as alleged. The SLR partially granted the appeal in that an inquiry was conducted.

**III   THIRD LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** Upon review of the documentation submitted, the Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential

JOSE ARTEAGA, V29993
CASE NO. 1701786
PAGE 2        .

inquiry and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed. Therefore, no further relief shall be afforded at the TLR.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3004, 3084.1, 3268, 3268.1, 3268.2, 3270, 3380, 3391

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the Government Claims Program, Department of Risk Insurance Management, Department of General Services P.O. Box 989052, MS 414. West Sacramento, CA 95798-9052 for further review.

H. LIU, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:    Warden, COR
       Appeals Coordinator, COR
       Appeals Coordinator, SAC

State of California

Attachment E-2
Department of Corrections and Rehabilitation

# Memorandum

Date    :   January 12, 2017

To      :   ARTEAGA, V29993
            FA3-113, CSP-SAC

*CSP-SAC Appeals Copy*

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # SAC-P-16-04485 SECOND LEVEL RESPONSE**

**APPEAL ISSUE:**   You alleged on November 24, 2016, while being under the supervision and care of the facility correctional officers you were stabbed around ten (10) times on different parts of your body.   You also alleged when the vehicle was moving, an inmate pulled out a knife from his waist line and stabbed you severely and this caused you to fall from the moving escort cart and you landed on your shoulder and bounced your head onto the concrete ground.   You alleged that officers didn't put a seat belt on you, they were driving recklessly, and they did not stop the vehicle on time to prevent you from falling.

**DETERMINATION OF ISSUE:** Your allegation of staff misconduct has been reviewed by the Hiring Authority.  As a result of that review your appeal was referred for an appeal inquiry.

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on January 09, 2017, at 1735 hours, by Lieutenant S. Sabala. A review of the Test of Adult Basic Education (TABE) list reveals you have a TABE score of 05.2.   Your Developmental Disability Program (DDP) code is Normal Cognitive Functions (NCF) indicating you do not require adaptive support services. Your Disability Placement Program (DPP) code is Non-Applicable.   Lieutenant Sabala noted you spoke English and were able to answer questions related to this appeal at the SLR where you appeared to have no difficulty communicating and did not display any misunderstanding of the appeal issues.

Effective communication was achieved by speaking slowly; using simple words and terms, and you displayed understanding of the issues related to this appeal by discussing the merits of this appeal, using your own words to relate those issues submitted on the California Department of Corrections and Rehabilitation (CDCR) Form 602, Inmate/Parolee Appeals Form.

➤ **An Appeal Inquiry has been conducted and reviewed by the Hiring Authority.** The following individuals were interviewed:   Officers N. West, H. Sullivan, J. Grove, T. Thomison, and J. Leech  As a result of your staff misconduct allegation the following information was reviewed: your Central File and pertinent CCR Title 15 and DOMS Sections. Staff did not violate CDCR policy with respect to one or more of the issues raised.

3 OF 7

**Page 2**

**FINDINGS:**

Your appeal is **PARTIALLY GRANTED** in that:

- An Appeal Inquiry into your allegation has been conducted.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or offender appellants. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review.  Once a decision has been rendered at the Third Level, your administrative remedies will be considered exhausted.

Name  S. Sobol    Signature _____  01/12/17
      Interviewer                                Date

Name  D. Brushman   Signature _____  1/30/17
      Hiring Authority                             Date

CSP-SAC
Appeals
Copy

Appeal Log Number: SAC-P-16-04485

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

RAP Meeting Date: 12/6/2016    Date IAC Received 1824: 12/1/2016    1824 Log Number: SAC-H-16-04367

Inmate's Name: ARTEAGA    CDCR #: V29993    Housing: A3-113

RAP Staff Present: ADA Coordinator B. Forsterer, Custody Appeals Coordinator C. Burnett, Doctor P. Sahota, Health Care Appeals Coordinator J. Kelley, Psychologist D. Dubow, Principal of Education , Health Care Analyst , Scribe M. Brown

Summary of Inmate's 1824 Request: ARTEAGA claims He injured his right shoulder on 11/24/2016, and he is in a lot of pain, but was not given x-rays; it causes extreme pain when is forced to put his hands behind his back and upwards to be handcuffed. He is requesting x-rays and waist chains – instead of handcuffs, adequate medical care for injuries.

### Interim Accommodation:

   X   No interim accommodation required.  Providing waist chains; pending x-ray results.

### FINAL RESPONSE:

RAP is able to render a final decision on the following:

Response: Medical Staff reports that you were seen by Dr. Hopkins on 12/1/2016 where you were diagnosed with a right shoulder sprain. As of 12/1/16, an x-ray was ordered. You were also seen on the RN line 12/5/16 and by your Primary Care Physician (PCP). You are scheduled for x-ray on 12/15/16. You will be given a waist chain chrono pending the outcome of your x-ray results.

Direction If dissatisfied:  If you disagree with this decision, complete a CDCR 602-HC Section D (pink 602) and explain why you disagree. Be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

B. FORSTERER
ADA Coordinator/Designee

Signature

Date sent to inmate: 12/30/16

**CSP-SAC**
Appeals

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|

1701786

V29993

SAC - P - 16-04485  (7)

**FOR STAFF USE ONLY**

You and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adve to other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Arteaga Jose | V29993 | A3-113 | P.S.U |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

STaff ComplainT

**A.** Explain your issue (if you need more space, use Section A of the CDCR 602-A): On 11-24-16, while being under the supervision and Care of this facility Correctional Officers I was stabbed aroud (10) Times on different parts of my body, including my face, The back of my neck, my back and Shoulder, my arm and

**B.** Action requested (if you need more space, use Section B of the CDCR 602-A): Provide me with adequate Medical care since medical refused to provide me with fair Medical care after this incident. Since I am unable To name all involved staff I request assistance in Stablishing their Identity including

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____     _____

_____     _____

☒ No, I have not attached any supporting documents. Reason :_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: Dec. 11.16

☐ By placing my initials in this box, I waive my right to receive an interview.

REC BY OOA
FEB 23 2017

---

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes  ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☒ Rejected (See attached letter for instruction)  Date: 12-12-16 R3   Date: _____   Date: _____

☐ Cancelled (See attached letter) Date: _____   (2)

☐ Accepted at the First Level of Review.

REC BY OOA
MAR 2 3 2017

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with First Level response, ~~complete~~ Section D.

BYPASS

Interviewer: _____ (Print Name)   Title: _____   Signature: _____   Date completed: _____

Reviewer: _____ (Print Name)   Title: _____   Signature: _____

Date received by AC: _____

Sent to the Hiring Authority for Review   12/28/16

AC Use Only
Date mailed/delivered to appellant ___/___/___

6 OF 7

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

Case 2:20-cv-00752-WBS-JDP   Document 1   Filed 04/13/20   Page 21 of 24

**D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.**

BYPASS

Inmate/Parolee Signature: _____  Date Submitted : _____

**E. Second Level - Staff Use Only**      Staff – Check One: Is CDCR 602-A Attached?  ☑ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review

Assigned to: __S Sabala__  Title: __L7.__  Date Assigned: __1-3-17__  Date Due: __2-8-17__

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of interview: __01/07/17__    Interview Location: __A3 Custody Office__

Your appeal issue is:  ☐ Granted  ☒ Granted in Part  ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: __S Sabala__ (Print Name)  Title: __L7.__  Signature: _____  Date completed : __01/07/17__

Reviewer: __D Boughman__ (Print Name)  Title: __WARREN__  Signature: _____

Date received by AC: __02/13/17__

AC Use Only
Date mailed/delivered to appellant __02-03-17__

**F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.**

Dissatisfied, all requested actions were not addressed in This Response. Such as to why Inmates were not properly searched or why Metal detectors were not use after Yard Recalled - and as to why this Inmate was allow to sit next to me Free to use his hands against me

Inmate/Parolee Signature: _____  Date Submitted: __2-7-2017__

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: __MAR 14 2017__ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is  ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant __JUN 14 2017__

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____
_____

_____  Inmate/Parolee Signature: _____  Date: _____
Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1701786 | SAC - P - 16·04485 | | 7 |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Arreaga Jose | V29993 | A3·113 | P·S·U |

**A.** Continuation of CDCR 602, Section A only (Explain your issue): my Left Leg Subsequently I suffered several scrapes a serious right shoulder injury and a back and neck injury. 2nd Watch C/o Thomison and C/o Sullivan and 3Th Watch C/o n-West and other Transportation officers failed to conduct metal Detector procedures or adequately search inmates on this day of incident. C/o n-West put Handcuffs with hands behind my back and Leg Shackles and escored me sitting me in The transportation Vehicle, the officers set another Inmate next to me, this Inmate had Lose waist chains and handcuffs his hands where on the Front, flexible. When the Vehicle was running this inmate pulled out a knife From his waist Line and stabbed me severally and this caused me to Fall From the moving Vehicle, Landing on my shoulder and bouncing my head on the concrete Floor. officers didn't put a sit belt on me nor where they alert to stop the vehicle on Time To prevent me from falling and since the rails are to small and of no use to a person in Restraints. C/o's were driving Recklessly too Fast and not paying close attention. Placing an Inadequate searched Inmate next to me with flexible enough hands and That is assumed to be a threat to The safety and security of The institution, unsupervised even For a minimum amount of Time to cause harm or disregarding a risk of harm of which they where a ware Violated my 8 Amendment right To a reasonable protection Creating a cruel and unusual punishment. C/o's Grove and Leech where involve. C/o's

Inmate/Parolee Signature: _____ Date Submitted: _____

Dec. 11·16

**B.** Continuation of CDCR 602, Section B only (Action requested): The incident Report. I request Monetary compensation of ($1,000,000.00) one mill Lion dollars, For The Physical Harm and Damage For The Mental anguish and pain and Suffering. For any Footage Video Recorded relating this incident. That an investigation be made into the factual allegations made in this complaint form (602) and that any and all proper reprimands be made so that these problems do not re—occur.

Inmate/Parolee Signature: _____ Date Submitted: Dec. 11·16

7. of 7

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

BYPASS

Inmate/Parolee Signature: _____     Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** While I was in handcuffs and leg Restrained on the date of november 24 - 2016. Also why a sit belt was not placed on me to prevent me from falling when officer were driving Reck-lessly. Also all names of all officers involved was not provided to me, as I asked help to Identify all officers in this incident. the Failure of officials to reasonably protect created a Violation of my constitutional Right.

Inmate/Parolee Signature: _____     Date Submitted: 2-7-17

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A:  INMATE/PAROLEE REQUEST

| NAME (Print)   (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Arteaga Jose | V-29993 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| D-174 | A.S.U | | Mailing Trust Withdrawal |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

Trust Office. I'm inclosing The TRUST Account withdrawal Form Singed and dated on Feb-28-19 which was approved by Counselor (CC.1) Sanchez on March 5-19 For The amount of ($500⁰⁰) Five Hundred dollars To be Mailee-out To: CarLos Arteaga at 765 nantes La Puente California. 91744. I'm inclosing The self addressed stamped enveLope you requested. Thank you For your Time.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX )  **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL:  ADDRESSED TO: _____   DATE MAILED: 3-20-19

☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| D. Vella | 3-20-19 | | (CIRCLE ONE)  **YES**  NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| TRUST ACCOUNT OFFICE | 3-20-19 | (CIRCLE ONE)  IN PERSON  **BY US MAIL** |

## SECTION B:  STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| E. Rivera | 3/27/19 | E. Rivera | 3/28/19 |

All withdrawals over $500.00 must be approved by counselor and ISU. It takes about two weeks to get back from ISU.

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |