UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA,<br><br>          Plaintiff,<br><br>     v.<br><br>N. WEST, *et al.*,<br><br>          Defendants. | Case No. 2:20-cv-00752-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HIS EIGHTH AMENDMENT FAILURE TO PROTECT CLAIMS AGAINST DEFENDANTS WEST AND JOHN DOE #1;<br><br>(2) FILE AN AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER.<br><br>ECF No. 15<br><br>SIXTY-DAY DEADLINE |

Plaintiff Jose O. Arteaga is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his amended complaint, he alleges that defendants West, Sullivan, Thomison, and John Doe # 1[1] violated his Eighth Amendment rights by failing to

---

[1] There are two John Doe defendants named in the caption of the amended complaint. ECF No. 15 at 3. The first, whom I will refer to as "John Doe # 1," was a correctional officer charged with plaintiff's transport. The second, whom I will refer to as "John Doe #2" was a medical doctor.

1  protect him from an attack by another inmate.  ECF No. 15 at 8-10.  Plaintiff also alleges that
2  defendants' failure to protect him was retaliation for a grievance he had filed against another
3  correctional officer.  *Id.*  I find that the amended complaint states cognizable Eighth Amendment
4  failure to protect claims against defendants West and John Doe #1.  Plaintiff may choose to
5  proceed only with those claims, or he may file another amended complaint.

**Screening and Pleading Requirements**

7       A federal court must screen a prisoner's complaint that seeks relief against a governmental
8  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable
9  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
10  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
11  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
12       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
13  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
14  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
15  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
16  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
17  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
18  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
19  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
20  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
21  n.2 (9th Cir. 2006) (en banc) (citations omitted).
22       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
23  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
24  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
25  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
26  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
27  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
28  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on November 24, 2016, he was taken from his cell at the Sacramento State Prison by defendants Sullivan and Thomison. ECF No. 15 at 8. These defendants escorted him to a "man cage," where he was stripped and searched. *Id.* After the search, plaintiff was transported to a recreation yard in a different part of the facility. *Id.* When he was due to return to his cell from the recreation yard, defendant West searched him again. *Id.* West then took plaintiff to a "transportation cart" and ordered him to sit down. *Id.* Plaintiff does not say whether the cart had seat belts. *Id.* Regardless, he was not buckled in. *Id.* Several other inmates were brought out to the cart by West and John Doe # 1. *Id.* at 9. One of the inmates seated near plaintiff was loosely shackled. *Id.* Once the cart was moving, this inmate produced a shank and stabbed plaintiff several times. *Id.* Plaintiff received further injury when he fell off the moving cart during the attack. *Id.* Plaintiff alleges that defendants Sullivan, Thomison, West, and John Doe #1 violated his Eighth Amendment rights by failing to protect him. He also alleges that these defendants permitted the attack in retaliation for a grievance he filed against a different officer two weeks previous. *Id.* at 10.

Plaintiff has stated a cognizable Eighth Amendment failure to protect claim against defendants West and John Doe # 1. These defendants were allegedly responsible for searching and shackling the inmates returning from the recreation yard. They were also responsible for buckling plaintiff into the cart. Plaintiff's injuries were a consequence of their alleged failure to properly discharge their duties. The same cannot be said for defendants Sullivan and Thomison, who only searched inmates going to the recreation yard. As noted above, plaintiff made that trip without incident.

Plaintiff's retaliation claims are not sufficiently plead. He has not alleged any facts that, taken as true, establish that defendants permitted the attack to happen as retaliation for a previously filed grievance. Plaintiff references a separate transport incident occurring on November 11, 2016, in which his own shackles were applied too tightly, and claims that this is evidence that the defendants were keen to retaliate against him. While I am bound to accept factual allegations as true at this stage, those allegations must still be detailed and plausible

3

enough to go beyond pure speculation. *Twombly*, 550 U.S. at 555. Plaintiff's retaliation allegations are conclusory and do not rise to the level of plausibility necessary to state a claim.

Finally, plaintiff has failed to state cognizable claims against the warden of the institution and John Doe #2. He names the warden as a defendant in the caption of his complaint, but makes, as best I can tell, no explicit allegation of wrongdoing against this individual. Plaintiff does claim that John Doe #2 was deliberately indifferent in treating his injuries after the attack, but he alleges no details regarding his treatment. ECF No. 15 at 16. Additionally, claims regarding his medical treatment after the attack are not sufficiently related to his failure to protect claims to proceed in the same action.

Plaintiff may choose to proceed only with his Eighth Amendment failure to protect claims against defendants West and John Doe #1.[2] Those claims encompass the inmate attack and failure to buckle him into the cart. If he chooses to proceed with those claims, he must voluntarily dismiss all other claims. Alternatively, he may file an amended complaint which addresses the deficiencies in his other claims. As a final option, he may choose to stand on his complaint and not dismiss the claims that I have found non-cognizable. If he chooses this option, I will direct service for the cognizable claims and recommend that his other claims be dismissed.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed

---

[2] If plaintiff chooses to proceed only against these two defendants, I will order that service be made on defendant West. I cannot order service on John Doe #1 until he is identified. Plaintiff will have the opportunity to investigate his identity during discovery.

violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must advise the court whether he intends to pursue only his Eighth Amendment failure to protect claims against defendants West and John Doe #1 and voluntarily dismiss his other claims, file an amended complaint, or stand on his complaint subject to a recommendation that all claims other than his free expression claims be dismissed. If he chooses to file an amended complaint, he must submit it within thirty days of that advisement (or sixty days from the date of this order).

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   February 3, 2021                          _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE