1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE O. ARTEAGA,                        Case No.  2:20-cv-00752-JDP (PC)

12                   Plaintiff,              ORDER:

13         v.                                DIRECTING THE CLERK OF COURT TO
                                             ASSIGN A DISTRICT JUDGE TO THIS
14   N. WEST, *et al.*,                      CASE

15                   Defendants.             DENYING DEFENDANTS' MOTION TO
                                             STRIKE AS UNNECESSARY
16
                                             ECF No. 30
17

18
                                             FINDINGS AND RECOMMENDATIONS
19                                           THAT PLAINTIFF'S MOTIONS TO AMEND
                                             THE COMPLAINT AND TO SET ASIDE
20                                           VOLUNTARY DISMISSAL BE DENIED

21                                           ECF Nos. 31 & 32

22

23         I previously screened plaintiff's first amended complaint pursuant to 28 U.S.C.

24   § 1915A(a).  ECF No. 16.  I notified plaintiff that the amended complaint stated cognizable

25   Eighth Amendment claims against defendants West and John Doe #1, but that all other claims

26   were insufficiently pled.  *Id.*  I granted plaintiff thirty days to advise the court whether he

27   intended to stand on his complaint, file an amended complaint, or proceed on the amended

28   complaint's cognizable claims, voluntarily dismissing his other claims.  *Id.*  After plaintiff

                                            1

1    notified the court that he wanted to proceed only with his cognizable claims and to voluntarily

2    dismiss all other claims, service was initiated on defendant West.

3           On June 2, 2021, defendant West filed an answer to the complaint.  Nearly three months

4    later, plaintiff submitted a purported second amended complaint, which I construe as a *proposed*

5    second amended complaint.  ECF No. 28.  West moved to strike the purported second amended

6    complaint, citing plaintiff's failure first to obtain leave to amend.  ECF No. 30.  After receiving

7    West's motion to strike, plaintiff filed a motion for leave to file a second amended complaint,

8    ECF No. 31, and a motion to set aside his voluntary dismissal of the claims previously found to

9    be non-cognizable, ECF No. 32.  Defendant West opposes both motions.  ECF No. 33.  Because

10    plaintiff's proposed amendments would be futile, I will recommend that his motions for leave to

11    amend and to set aside voluntary dismissal be denied, and I will deny defendant's motion to strike

12    as unnecessary.

13                          **Motion for Leave to Amend the Complaint**

14           Plaintiff's motion to amend and his proposed second amended complaint were both filed

15    more than twenty-one days after defendants filed an answer.  Consequently, he can only amend

16    his complaint with either defendants' written consent or the court's leave.  Fed. R. Civ. P.

17    15(a)(2).  In determining whether to grant leave to amend, the court considers five factors:

18    "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and

19    (5) whether the plaintiff has previously amended his complaint."  *Nunes v. Ashcroft*, 375 F.3d

20    805, 808 (9th Cir. 2004).  "Absent prejudice, or a strong showing of any of the remaining . . .

21    factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."

22    *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

23           Defendant West primarily contests the validity and sincerity of plaintiff's explanation—

24    that he did not understand the choice presented by the screening order and that he "panicked"

25    under the time pressure—noting that plaintiff has filed other lawsuits and motions for extensions

26    of time to file.  *See* ECF No. 30 & 33.  Although plaintiff's conduct appears to have caused undue

27    delay, the mere fact that he has experience in litigation is not enough to conclude that he brought

28    his motion in bad faith.  Nevertheless, I find that the allegations added or renewed in his proposed

2

1    second amended complaint—beyond those that were found to state a claim in the court's previous

2    screening order—do not state cognizable claims, and so I recommend that his motion for leave to

3    amend be denied as futile.

4         In plaintiff's first amended complaint, he alleges that on November 24, 2016, former-

5    defendants Sullivan and Thomison took him from his cell, strip-searched him, and escorted him

6    to the exercise yard. ECF No. 15 at 8. He alleges that after some time on the yard, defendants

7    West and John Doe #1—another prison official—searched him again and then escorted him to a

8    transportation cart, where he sat, hands handcuffed behind him, without a seatbelt. *Id.* at 9.

9    Defendants West and Doe then placed another prisoner in the cart; plaintiff noticed that this

10   prisoner was loosely handcuffed with his hands in front of his body, "giving him a particular

11   advantage" over plaintiff. *Id.* Once the cart began moving, this inmate produced a shank and

12   stabbed plaintiff several times. *Id.* Plaintiff received further injury when he fell off the cart

13   during the attack. *Id.*

14        In screening that complaint, I found that plaintiff stated a potentially cognizable Eighth

15   Amendment failure-to-protect claim against West and Doe #1, but I found that he failed to state a

16   claim against Sullivan and Thomison, because he failed to allege that those individuals were

17   personally involved in the events precipitating the attack. ECF No. 16. I found his retaliation

18   claims too conclusory to state a claim, and I found that his medical care claims against John Doe

19   #2—a prison medical provider—were insufficiently detailed to state a claim and were also

20   insufficiently related to his failure-to-protect claims to be brought in the same action. *Id.* Finally,

21   I found that he had failed to state a claim against the warden. *Id.*

22        Plaintiff's second amended complaint suffers many of the same defects.[1] His allegations

23   against Sullivan and Thomison are substantially unchanged. ECF No. 28 at 9. He alleges that

24   these individuals were responsible for searching all inmates before they were brought to the yard

25

26   _____

     [1] His allegations against defendant West and the unidentified Doe defendant who helped
27   West load the transportation cart—identified in the second amended complaint as John Doe #2—
     again state a potentially cognizable Eighth Amendment failure-to-protect claim. *See* ECF No. 28.
28   I note, however, that his proposed second amended complaint does not appear to strengthen this
     claim.

and that, if they had conducted a more thorough search, they would have identified the knife used to stab him.  *Id.*  He fails to allege specific facts indicating that either defendant "knew that [he] faced a substantial risk of serious harm and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"  *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  Although he states that defendants "have a history of doing half-hearted searches," he identifies neither particular known flaws in their searches nor prior instances of violence resulting from such "half-hearted searches"; he also acknowledges that they strip-searched and "wanded" him on his way to the yard.  ECF No. 28 at 9.  At most, the allegations against Sullivan and Thomison could establish negligence, which is insufficient to state a claim under the Eighth Amendment.  *Cf. Hearns*, 413 F.3d at 1041 (holding that a plaintiff stated a failure-to-protect claim by identifying a "longstanding, pervasive, and well-documented . . . series of planned attacks and religious-related violence" to show that the defendant prison officials "had actual knowledge of the risk") (internal citations omitted).  Accordingly, if plaintiff were permitted to amend his complaint, this amendment would again fail at screening.[2]

Likewise, plaintiff's allegations against defendant Lynch—the warden at his facility—and John Doe #3—an unidentified lieutenant—are insufficient.  He alleges that these defendants are responsible as supervisors for the attack, because "the ultimate authority and responsibility falls on the warden's shoulder [and] the next link in the chain of responsibility . . . falls to [Doe #3]."  ECF No. 28 at 13.  Unfortunately for plaintiff, supervisory personnel are not liable under § 1983 for the actions of their employees.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983.").  "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).  Plaintiff

---

[2] Substantially similar allegations appeared in plaintiff's original complaint, and the court's original screening order identified similar deficiencies.  *See* ECF Nos. 1 & 6.

neither alleges facts showing that the supervisory defendants provided inadequate training, supervision, or control of defendants West or Doe #1 nor identifies a particular history of prior similar incidents from which to infer acquiescence to any unconstitutional custom or policy.  *Cf. Starr*, 652 F.3d at 1216 (holding that a plaintiff properly pled a supervisory liability claim for deliberate indifference with allegations of "numerous incidents in which inmates . . . [were] killed or injured because of the culpable actions of [] subordinates" and that the supervisor-defendant took no action despite receiving "notice, in several reports, of systematic problems in the county jails").  To the extent that plaintiff alleges the existence of a particular unconstitutional policy of operating transportation carts without seatbelts, he provides no facts indicating that such a policy amounts to deliberate indifference to the safety of inmates, such as a history of injuries or accidents resulting from the lack of seatbelts.[3]  ECF No. 28 at 13.

Finally, plaintiff alleges that defendants Hopkins and Sahota were deliberately indifferent in rendering treatment following the attack, and he claims that Felder provided deficient responses to his health care grievances.  *Id.* at 14, 16.  While plaintiff's medical claims and failure-to-protect claims both bear a connection to his November 2016 injury, they are otherwise factually and legally unrelated and must be brought in separate suits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits.").[4]

Therefore, granting leave to amend and allowing plaintiff to proceed on the proposed second amended complaint would be futile.  I recommend that plaintiff's motion for leave to

_____

[3] Moreover, federal courts have consistently found that, in the absence of additional reckless behavior, the mere "failure to equip a van or bus with seatbelts for the prisoners does not rise to the level of deliberate indifference as a matter of constitutional law."  *King v. San Joaquin Cnty. Sheriff's Dep't*, No. CIV S-04-1158-GEB-KJM-P, 2009 WL 577609, at *4 (E.D. Cal. Mar. 5, 2009) (citing *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 906 (8th Cir. 1999)); *see also Bulkin v. Ochoa*, No. 1:13-CV-00388-DAD-EPG PC, 2016 WL 7159286, at *7 (E.D. Cal. Dec. 7, 2016) ("Where there is no evidence of deliberate indifference to an inmate's safety other than failing to provide a seatbelt, especially when none is available, the cases find that [the p]laintiff . . . can only establish that [d]efendants acted negligently.") (collecting cases).

[4] Plaintiff's proposed second amended complaint also names as a defendant J. Lewis, the deputy director of policy and risk management services at California Correctional Health Care Services, but includes no factual allegations against him.

1  amend and to set aside his voluntary dismissals be denied.

2        Accordingly, it is ORDERED that:

3      1.   Defendants' motion to strike, ECF No. 30, be DENIED as unnecessary, and

4      2.   the Clerk of Court assign a district judge to this action.

5      Further, it is RECOMMENDED that:

6      1.   Plaintiff's motion to amend the complaint, ECF No. 32, be denied, and

7      2.   plaintiff's motion to set aside his voluntary dismissal of defendants Sullivan and

8  Thomison, ECF No. 31, be denied.

9      I submit these findings and recommendations to the district judge under 28 U.S.C.

10  § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

11  Eastern District of California.  Plaintiff may, within 14 days of the service of the findings and

12  recommendations, file written objections to the findings and recommendations with the court.

13  That document should be captioned "Objections to Magistrate Judge's Findings and

14  Recommendations."  The district judge will review the findings and recommendations under 28

15  U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the

16  waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

17  

18  IT IS SO ORDERED.

19  

20  Dated:   July 25, 2022                           _____

21                                     JEREMY D. PETERSON
                                   UNITED STATES MAGISTRATE JUDGE

22  

23  

24  

25  

26  

27  

28