UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE O. ARTEAGA,<br><br>            Plaintiff,<br><br>      v.<br><br>N. WEST, *et al.*,<br><br>            Defendants. | Case No.  2:20-cv-00752-WBS-JDP (PC)<br><br>ORDER VACATING THE JULY 26, 2022 FINDINGS AND RECOMMENDATIONS<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT AND TO SET ASIDE VOLUNTARY DISMISSAL BE DENIED<br><br>ECF Nos. 31, 32, & 40 |

I previously screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A(a). ECF No. 16. I notified plaintiff that the amended complaint stated cognizable Eighth Amendment claims against defendants West and John Doe #1, but that all other claims were insufficiently pled. *Id*. I granted plaintiff thirty days to advise the court whether he intended to stand on his complaint, file an amended complaint, or proceed on the amended complaint's cognizable claims, voluntarily dismissing his other claims. *Id*. After plaintiff notified the court that he wanted to proceed only with his cognizable claims and to voluntarily dismiss all other claims, service was initiated on defendant West.

On June 2, 2021, defendant West filed an answer to the complaint.  Nearly three months later, plaintiff submitted a purported second amended complaint, which I construe as a *proposed* second amended complaint.  ECF No. 28.  West moved to strike the purported second amended

1

complaint, citing plaintiff's failure first to obtain leave to amend.  ECF No. 30.  In response, plaintiff filed a motion for leave to file a second amended complaint, ECF No. 31, and a motion to set aside his voluntary dismissal of the claims previously found to be non-cognizable, ECF No. 32.  Defendant West opposes both motions.  ECF No. 33.

In findings and recommendations issued July 26, 2022, I found that plaintiff's proposed amendments would be futile and recommended that his motions for leave to amend and to set aside voluntary dismissal be denied.  ECF No. 38.[1]  Plaintiff subsequently filed three documents, styled as: objections, ECF No. 45; a motion to amend the complaint, ECF No. 40; and a notice of voluntary dismissal of all defendants other than West and Doe #1, ECF No. 44.  The district judge referred the matter back to me, directing me to consider all of plaintiff's filings together, including the motion to amend filed after I issued my findings and recommendations.  ECF No. 46.  For the reasons below, these filings provide no reason to alter my earlier findings and recommendations; thus, I recommend that both motions to amend be denied, and I otherwise resubmit my earlier findings and recommendations, repeated herein, without change.

## First Motion for Leave to Amend the Complaint

Plaintiff's first motion to amend and his proposed second amended complaint were both filed more than twenty-one days after defendants filed an answer.  ECF Nos. 31 & 28.  In light of this timing, plaintiff can only amend his complaint with either defendants' written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendant West primarily contests the validity and sincerity of plaintiff's explanation—that he did not understand the choice presented by the screening order and that he "panicked"

---

[1] I also denied defendant's motion to strike, ECF No. 30, which is no longer before the court.  ECF No. 38.

2

1  under the time pressure—noting that plaintiff has filed other lawsuits and motions for extensions
2  of time to file.  *See* ECF No. 30 & 33.  Although plaintiff's conduct appears to have caused undue
3  delay, the mere fact that he has some experience in litigation does not convince me that he
4  brought his motion in bad faith.  Nevertheless, I find that the allegations added or renewed in his
5  proposed second amended complaint—beyond those that were found to state a claim in the
6  court's previous screening order—do not state cognizable claims, and so I recommend that his
7  motion for leave to amend be denied as futile.

8        In plaintiff's first amended complaint, he alleges that on November 24, 2016, former-
9  defendants Sullivan and Thomison took him from his cell, strip-searched him, and escorted him
10  to the exercise yard.  ECF No. 15 at 8.  He alleges that after some time on the yard, defendants
11  West and John Doe #1—another prison official—searched him again and then escorted him to a
12  transportation cart, where he sat, hands cuffed behind his back, without a seatbelt.  *Id.* at 9.
13  Defendants West and Doe then placed another prisoner in the cart; plaintiff noticed that this
14  prisoner was loosely handcuffed with his hands in front of his body, "giving him a particular
15  advantage" over plaintiff.  *Id*.  Once the cart began moving, this inmate produced a shank and
16  stabbed plaintiff several times.  *Id.*  Plaintiff received further injury when he fell off the cart
17  during the attack.  *Id.*

18        In screening that complaint, I found that plaintiff stated a potentially cognizable Eighth
19  Amendment failure-to-protect claim against West and Doe #1, but I found that he failed to state a
20  claim against Sullivan and Thomison, because he failed to allege that either of those individuals
21  was personally involved in the events precipitating the attack.  ECF No. 16.  I found his
22  retaliation claims too conclusory to state a claim, and I found that his medical care claims against
23  John Doe #2—a prison medical provider—were insufficiently detailed to state a claim and were
24  also insufficiently related to his failure-to-protect claims to be brought in the same action.  *Id.*
25  Finally, I found that he had failed to state a claim against the warden.  *Id.*

26        Plaintiff's second amended complaint suffers many of the same defects.[2]  His allegations

27
28      [2] Plaintiff's allegations against defendant West and the unidentified Doe defendant who helped West load the transportation cart—identified in the second amended complaint as John

3

against Sullivan and Thomison are substantially unchanged. *See* ECF No. 28 at 9. He alleges that these individuals were responsible for searching all inmates before they were brought to the yard and that, if they had conducted a more thorough search, they would have identified the knife used to stab him. *Id*. He fails to allege specific facts indicating that either defendant "knew that [he] faced a substantial risk of serious harm and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Although he states that defendants "have a history of doing half-hearted searches," he identifies neither particular known flaws in their searches nor prior instances of violence resulting from such "half-hearted searches"; he also acknowledges that defendants strip-searched and "wanded" him on his way to the yard. ECF No. 28 at 9. At most, the allegations against Sullivan and Thomison could establish negligence, which is insufficient to state a claim under the Eighth Amendment. *Cf. Hearns*, 413 F.3d at 1041 (holding that a plaintiff stated a failure-to-protect claim by identifying a "longstanding, pervasive, and well-documented . . . series of planned attacks and religious-related violence" to show that the defendant prison officials "had actual knowledge of the risk") (internal citations omitted). Accordingly, if plaintiff were permitted to amend his complaint, this amendment would again fail at screening.[3]

Likewise, plaintiff's allegations against defendant Lynch—the warden at his facility—and John Doe #3—an unidentified lieutenant—are insufficient. He alleges that these defendants are responsible as supervisors for the attack, because "the ultimate authority and responsibility falls on the warden's shoulder [and] the next link in the chain of responsibility . . . falls to [Doe #3]." ECF No. 28 at 13. Unfortunately for plaintiff, supervisory personnel are not liable under § 1983 for the actions of their employees. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983."). "A supervisor can be liable in his individual

---

Doe #2—again state a potentially cognizable Eighth Amendment failure-to-protect claim. *See* ECF No. 28. I note, however, that his proposed second amended complaint does not appear to strengthen this claim.

[3] Substantially similar allegations appeared in plaintiff's original complaint, and the court's original screening order identified similar deficiencies. *See* ECF Nos. 1 & 6.

capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).  Plaintiff neither alleges facts showing that the supervisory defendants provided inadequate training, supervision, or control of defendants West or Doe #1 nor identifies a particular history of prior similar incidents from which to infer acquiescence to any unconstitutional custom or policy.  *Cf. Starr*, 652 F.3d at 1216 (holding that a plaintiff properly pled a supervisory liability claim for deliberate indifference with allegations of "numerous incidents in which inmates . . . [were] killed or injured because of the culpable actions of [] subordinates" and that the supervisor-defendant took no action despite receiving "notice, in several reports, of systematic problems in the county jails").  To the extent that plaintiff alleges the existence of a particular unconstitutional policy of operating transportation carts without seatbelts, he provides no facts indicating that such a policy amounts to deliberate indifference to the safety of inmates; notably, no history of injuries or accidents resulting from the lack of seatbelts is alleged.[4]  ECF No. 28 at 13.

      Finally, plaintiff alleges that defendants Hopkins and Sahota were deliberately indifferent in rendering treatment following the attack, and he claims that Felder provided deficient responses to his health care grievances.  *Id.* at 14, 16.  While plaintiff's medical claims and failure-to-protect claims both bear a connection to his November 2016 injury, they are otherwise factually and legally unrelated and must be brought in separate suits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . .

---

[4] Federal courts have consistently found that, in the absence of additional reckless behavior, the mere "failure to equip a van or bus with seatbelts for the prisoners does not rise to the level of deliberate indifference as a matter of constitutional law."  *King v. San Joaquin Cnty. Sheriff's Dep't*, No. CIV S-04-1158-GEB-KJM-P, 2009 WL 577609, at *4 (E.D. Cal. Mar. 5, 2009) (citing *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 906 (8th Cir. 1999)); *see also Bulkin v. Ochoa*, No. 1:13-CV-00388-DAD-EPG PC, 2016 WL 7159286, at *7 (E.D. Cal. Dec. 7, 2016) ("Where there is no evidence of deliberate indifference to an inmate's safety other than failing to provide a seatbelt, especially when none is available, the cases find that [the p]laintiff . . . can only establish that [d]efendants acted negligently.") (collecting cases).

[u]nrelated claims against different defendants belong in different suits.").[5]  Therefore, granting leave to amend and allowing plaintiff to proceed on the proposed second amended complaint would be futile.

**Objections and Second Motion to Amend**

After the above-reproduced findings and recommendations were submitted, plaintiff filed three documents: objections, ECF No. 45; a motion to amend, ECF No. 40; and a notice of dismissal of several defendants, ECF No. 44.  Neither his objections nor his motion to amend purport to challenge my prior findings and recommendations; rather, they express plaintiff's assent and willingness to proceed only against defendants West and Doe #1.[6]  *See* ECF No. 40 at 1 (seeking "leave to allow this complaint to proceed only under this court's previously screened and cognizable claim issues"); *id.* at 4 (requesting "leave to amend his claim or to proceed furtherly only with both defendants N. West and John Doe #2 accordingly and disregarding the rest of the remaining defendants"); *see also* ECF No. 45 at 1 (stating that plaintiff should be permitted to "move forward with the court's cognizable[] claims and voluntarily dismisses [sic] hereto the rest of the previously mentioned defendants").

Plaintiff provides a lengthy explanation of his earlier filings in an apparent effort to convey that he acted in good faith, and he explains that permitting him to proceed only against West and Doe #1 will not cause undue delay.  His apparent belief that his claims against West and Doe #1 were to be dismissed is mistaken; the consequence of denying his motion for leave to amend is simply the outcome that plaintiff appears to seek: the case will now proceed with the claims found cognizable in the first amended complaint against defendants West and Doe #1.  Likewise, plaintiff's explanation that he was acting in good faith is unnecessary; I have not found plaintiff to have acted in bad faith.

Alternatively, plaintiff's motion could be read as seeking to proceed on the second

---

[5] Plaintiff's proposed second amended complaint also names as a defendant J. Lewis, the deputy director of policy and risk management services at California Correctional Health Care Services, but includes no factual allegations against him.

[6] At certain points in ECF Nos. 40 & 45, plaintiff refers to Doe #2, but it appears that these references are to the same unidentified correctional officer referred to herein and in my earlier screening order as Doe #1.

amended complaint against West and Doe #1 because he believes that it contains material factual allegations about these defendants that were not included in the first amended complaint. If so, his two motions to amend neither identify any such novel allegations nor explain how the second amended complaint materially differs from the first with respect to West and Doe #1. In his objections, plaintiff briefly discusses the possible existence of a third officer working with West and Doe #1, but he neither mentions this officer in his motion to amend nor makes factual allegations against this officer in his proposed second amended complaint, and he concedes in his objections that he could not see at the time whether this officer was even present. *See* ECF No. 45. Accordingly, amendment on this basis would be futile.

Briefly, I will address plaintiff's concerns about "waiving facts" or being unable to "present the whole facts in this case" as a consequence of denial of his motion for leave to amend. ECF No. 40. First, plaintiff is advised that the operative complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Even if not alleged in the complaint, facts that are relevant and material to his two cognizable claims can be introduced at trial or in support of dispositive motions without amending the complaint. Second, these findings and recommendations do not foreclose subsequent amendments; if amendment of the complaint is necessary—for instance, to substitute the identity of a Doe defendant or if "a party objects that evidence is not within the issues raised in the pleadings"—leave to amend may be freely granted. *See* Fed. R. Civ. P. 15(b).

Accordingly, the July 26, 2022 findings and recommendations, ECF No. 38, are vacated.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's motions to amend the complaint, ECF Nos. 31 & 40, be denied; and

2. plaintiff's motion to set aside his voluntary dismissal of defendants Sullivan and Thomison, ECF No. 32, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Plaintiff may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.

That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: November 30, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE